UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:08-CR-116 |
| V. | ) | |
| | ) | (VARLAN/SHIRLEY) |
| DEXTER MIMS and | ) | |
| CHRISTOPHER HUNTER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause is before the Court on Defendant Mims' Motion for Bill of Particulars [Doc. 29] and Defendant Hunters' Motion for Disclosure and Specification of All Statements Which the Government Will Seek to Attribute to Defendant [Doc. 44], Motion for a Bill of Particulars [Doc. 46], and Motion to Sever Defendant [Doc. 48]. The parties came before the Court on October 15, 2008, and again on November 19, 2008, for motion hearings on the pending motions. Assistant United States Attorney Tracee Plowell appeared on behalf of the government at both hearings. Attorney Samuel K. Lee appeared on behalf of Defendant Mims. Attorney Jonathan D. Cooper appeared for Defendant Hunter.[1] Both defendants were present at the October

---

[1] Attorneys M. Christopher Coffey and Richard W. Clark, III, were also present at both hearings representing Defendants Fred Bennett and Lloyd Bonner respectively. Defendant Broderick McNair was present at the November 19 hearing without counsel. These defendants have no motions pending before the Court.

1

15 hearing and Defendant Hunter was present at the November 19 hearing. The parties presented their arguments to the Court, and the Court then took the pending motions under advisement.

## I. BILL OF PARTICULARS

Defendants Mims and Hunter request [Docs. 29 and 46] that the Court order the government to provide a bill of particulars listing all known but unindicted coconspirators. Defendant Mims also seeks a list of all the overt acts the government is alleging he committed in furtherance of the conspiracy. Defendant Hunter asks that the government particularize whether he conspired with the other named defendants, whether he participated in the conspiracy on any date other than March 28, 2007, and whether he conspired to distribute cocaine, crack cocaine, or both. The defendants contend that these particulars are necessary to protect against surprise at trial, for the preparation of their defenses, and to prevent a subsequent double jeopardy violation. The government responds [Docs. 37 and 53] that the Indictment is sufficient to protect the defendants' rights against double jeopardy and to inform them of the charges they face so that they can prepare their defenses.

> Federal Rule of Criminal Procedure 7(f) states that
>
> [t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

"A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence

2

held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993). The granting of a bill of particulars is within the court's discretion. See id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other gnds by stat., United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

The single-count Indictment [Doc. 3] charges as follows:

> The Grand Jury charges that beginning in or about approximately August 2006 through April 2007, within the Eastern District of Tennessee, the defendants, DEXTER MIMS, also known as "DJ," BRODERICK MCNAIR, FRED BENNETT, CHRISTOPHER HUNTER, also known as "Ace," and LLOYD BONNER did combine, conspire, confederate and agree with other persons, to commit violations of 21 U.S.C. § 841(a)(1), that is, to knowingly, intentionally and without authority distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride and 50 grams or more of a mixture and substance containing cocaine base, also known as "crack," Schedule II controlled substances.

### A. Unindicted Coconspirators

The defendants contend that they need to know the names of the known, but unindicted coconspirators so that they can prepare their defenses and protect against future charges that run afoul of the Double Jeopardy Clause. At the October 15 hearing, counsel for Defendant Mims argued that he needs to understand the factual basis against his client–the time and place, what occurred, and who was involved–to build his defense and to protect against a double jeopardy violation. Defendant Hunter argues that the present indictment is unique in that it does not allege

3

that he conspired with the named codefendants but, instead, charges him with conspiring only with "other persons." He maintains that the Rule 16 discovery provided to him by the government does not inform him of the identity of these other persons. At the November 19 hearing, counsel for Defendant Hunter argued that fundamental fairness required the government to inform him of the person or persons with whom he directly conspired. He asserted that the discovery reveals that his involvement occurs on two to three days out of the nine-month conspiracy.

The government argues that the purpose of a bill of particulars is to clarify the indictment, yet the defendants are seeking to know the government's evidence. It maintains that the defendants should be able to determine who was involved in the conspiracy from the discovery provided to them. With regard to Defendant Mims, the government stated at the October 15 hearing that Mims is alleged to have conspired with the named defendants, with anyone with whom he had a telephone conversation that was captured on the wiretaps, and with those persons with whom he was observed during surveillance by law enforcement. With regard to Defendant Hunter, the government contended at the November 19 hearing that he conspired with all named defendants as well as with other persons. AUSA Plowell stated that she would answer Defendant Hunter's defense counsel's specific inquiries regarding the identity of unindicted coconspirators in a private meeting but that the government's official position remained that the indictment was sufficient to inform the defendant of the charges and that a bill of particulars was not the appropriate vehicle for the defendant to gain the information he requested.

The Supreme Court has recognized that "it is not uncommon for the Government to be required to disclose the names of some potential witnesses in a bill of particulars, where this information is necessary or useful in the defendant's preparation for trial." Will v. United States,

4

389 U.S. 90, 99 (1967). The Sixth Circuit has adopted a much more restrictive view and held that the government is not required to furnish the names of co-conspirators or other persons present when the defendant allegedly participated in the conspiracy. United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991); see also United States v. Ferguson, 460 F. Supp. 1, 5 (D.C. Tenn. 1977) (noting the departure of that court and recent case law from the Supreme Court's liberal construction in Will). In this respect,

> [a] defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction. As long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators. "It is the grand jury's statement of the 'existence of the conspiracy agreement rather than the identity of those who agree' which places the defendant on notice of the charge he must be prepared to meet."

Rey, 923 F.2d at 1222 (citations omitted) (quoting United States v. Piccolo, 723 F.2d 1234, 1239 (6th Cir. 1983), cert. denied, 466 U.S. 970 (1984) (quoting United States v. Davis, 679 F.2d 845, 851 (11th Cir.1982))). Thus, the government is not required to reveal the names of unindicted co-conspirators. United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004).

The Court is mindful of the defendants' concerns about potential surprise at trial and problems in raising a double jeopardy claim at some future date. Nevertheless, the Court notes that the present conspiracy is alleged to have spanned an eight-month time frame. The discovery, although apparently voluminous, contains telephone conversations between the defendants and other persons. The dates of these conversations as well as the matters discussed should provide the defendants with some idea of those persons alleged to be involved in the instant offense. Indeed,

5

the Court notes that presumably through his review of discovery, counsel for Defendant Hunter was able to narrow the defendant's alleged involvement to a single twenty-four-hour period. Finally, and perhaps most importantly, the government narrowed the universe of potential coconspirators at the October 15 and November 19 hearings to the named codefendants, persons with whom the defendants spoke in the wiretapped telephone conversations, and persons observed during surveillance. This disclosure by the government also satisfies Defendant Hunter's request for a bill of particulars regarding whether he is alleged to have conspired with the other named codefendants. Additionally, the government expressed its willingness to confirm the specific identities of unindicted coconspirators in private meetings with defense counsel. Accordingly, the Court finds that as a practical matter, the defendants will not be surprised at trial or be exposed to double jeopardy violations in the absence of a bill of particulars stating the names of the unindicted coconspirators.

Defendant Mims' and Defendant Hunter's request for a bill of particulars listing the unindicted coconspirators is **DENIED**. Defendant Hunter's request for a bill of particulars stating whether he is alleged to have conspired with the named codefendants is **DENIED as moot**.

### B. Overt Acts

Defendant Mims asks the Court to order the government to particularize the overt acts the government alleges he committed in furtherance of the conspiracy. It is well-settled that "a defendant is not entitled to discover all the overt acts that might be proven at trial." Salisbury, 983 F.2d at 1375. Accordingly, the Court finds that no bill of particulars is warranted for overt acts, and this request is **DENIED**.

6

### C. Date of Participation

Defendant Hunter requests that the government provide particulars on whether he is alleged to have participated in the conspiracy on any date other than March 28, 2007. The Sixth Circuit has approved the provision of the dates that a defendant is alleged to have conspired. See e.g., United States v. Rey, 932 F.2d 1217, 1222 (6th Cir. 1991) (observing that the defendant knew the relevant dates in holding that he was not entitled to know the names of co-conspirators); United States v. Fears, 450 F. Supp. 249, 251 (E.D. Tenn. 1978) (directing, without further analysis, the government to file a bill of particulars giving the date and approximate hour the defendant allegedly made the telephone call charged in the indictment). On the other hand, the failure to provide the precise date that a defendant joined a conspiracy when the indictment alleged it lasted from "early 1987 to November 17, 1987," was not error because "the indictment was not so vague that [the defendant] could not discern the nature of the charges pending against him and the time frame in which the alleged acts occurred, or that the indictment did not provide him with adequate information to prepare a defense." United States v. Hayes, No. 88-5967, 1989 WL 105938, at * 3 (6th Cir. Sept. 14, 1989), cert. denied, 493 U.S. 1030 (1990). In the present case, the conspiracy is confined to an eight-month period from August 2006 to April 2007. In any event, the government disclosed at the November 19 hearing that the defendant participated on March 27 to 28, 2007. Accordingly, the Court finds that the Defendant Hunter's request is **DENIED as moot** with regard to the date of his participation.

### D. Type of Drug

Finally, Defendant Hunter requests that the government particularize whether he allegedly

7

conspired to distribute cocaine, crack cocaine, or both. The government responds that the defendant is charged with a conspiracy involving both and that it is not required to particularize the exact method by which a defendant committed a crime.

In the present case, the indictment specifies that the conspiracy involves the distribution of both cocaine hydrochloride and crack cocaine. Moreover, the government has informed Defendant Hunter that it will seek to prove he participated in the conspiracy on March 27 and 28, 2007. The Court finds that requiring further particularization of the form of cocaine would essentially be requiring the government to disclose its evidence rather than to clarify the charges. See Salisbury, 983 F.2d at 1375 (holding that a bill of particulars is not a vehicle for the defendant to learn the government's evidence before trial). Accordingly, no additional particularization is necessary on this point, and the request is **DENIED**.

For the reasons set forth above, the defendants' motions for bills of particulars [**Docs. 29 and 46**] are **DENIED in part** and **DENIED as moot in part** as specified above.

## II. SEVERANCE

Defendant Hunter contends [Doc. 48] that he was improperly joined to the other codefendants in this case pursuant to Fed. R. Crim. P. 8(b). He argues that both the plain language of the indictment and discovery show that he did not participate in the same act or transaction or series of acts or transactions as his codefendants. The government responds [Doc. 54] that Defendant Hunter's denial that he participated in the same acts or series of acts as the other defendants is not a grounds for severance but merely a defense to be raised at trial.

Rule 8(b) of the Federal Rules of Criminal Procedure governs the joinder of defendants:

8

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

As a general rule, federal law favors joint trials for those defendants indicted together. Zafiro v. United States, 506 U.S. 534, 539 (1993). When defendants are indicted together, "there is almost always common evidence against the joined defendants that allows for the economy of a single trial" and supports joinder. United States v. Phibbs, 999 F.2d 1053, 1067 (6th Cir. 1993); see United States v. Kincaide, 145 F.3d 771, 781 (6th Cir. 1998). On the other hand, defendants jointly tried for offenses in no way connected are "'prejudiced by that very fact,'" and such circumstance leaves the court with no discretion to deny a severance. United States v. Reynolds, 489 F.2d 4, 6 (6th Cir. 1973) (quoting Ingram v. United States, 272 F.2d 567, 570 (4th Cir. 1959)).

The court notes at the outset that, generally, the propriety of joinder is determined by the allegations on the face of the charging instrument. See United States v. Chavis, 296 F.3d 450, 456, 458 (6th Cir. 2002) (also determining that a motion to sever based on Rule 8 does not have to be renewed at trial because it does not depend upon the evidence at trial); United States v. Frost, 125 F.3d 346, 389 (6th Cir. 1997), cert. denied, 525 U.S. 810 (1998). In the present case, the defendant argues that the plain language of the single-count indictment argues against joinder because the defendants are not alleged to have conspired with each other but only with other unnamed persons. The government maintains that the indictment charges all of the named defendants with participating in the same series of acts or transactions constituting an offense, specifically, conspiracy to distribute and possess with intent to distribute controlled substances. At the November 19 hearing, AUSA Plowell stated that the instant conspiracy was a "wheel" conspiracy, with each of the defendants

9

representing a different spoke all interacting with the same central hub. Defense Counsel maintained that in this case, the wheel lacks a rim connecting all the codefendants because there is no evidence that the defendants knew about each other.

"Generally, a conspiracy charge will facilitate the establishment of the necessary common scheme or plan" for joinder of defendants under Rule 8(b). United States v. Carrozza, 728 F. Supp. 266, 270 (S.D.N.Y. 1990) (observing that where additional counts other than the conspiracy are alleged, the government must demonstrate that these other counts are part of a common plan), aff'd 956 F.2d 1160 (2nd Cir. 1992). In proving wheel or "chain" conspiracies, "it is enough to show that each member of the conspiracy realized that he was participating in a joint venture, even if he did not know the identities of every other member, or was not involved in all the activities in furtherance of the conspiracy." United States v. Martinez, 430 F.3d 317, 332-33 (6th Cir. 2005). "[T]he essence of the crime of conspiracy is agreement; and . . . in order to prove a single conspiracy the government must show that each alleged member agreed to participate in what he knew to be a collective venture directed toward a common goal." United States v. Paulino, 935 F.2d 739, 748 (6th Cir.), cert. denied, 502 U.S. 914 (1991), superseded on other gnds by stat., United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue). In proving that a single conspiracy, rather than multiple unrelated conspiracies, exists, the government does not have to show that an individual conspirator participated in every crime or phase of the conspiracy, as long as "there is assent to contribute to a common enterprise." United States v. Hughes, 895 F.2d 1135, 1140 (6th Cir. 1990) (citations omitted). "It is often possible, especially with drug conspiracies, to divide a single conspiracy into sub-agreements. This does not, however, mean that more than one conspiracy exists. The key is to determine whether the different sub-groups are acting in furtherance

10

of one overarching plan." United States v. Ghazaleh, 58 F.3d 240, 245 (6th Cir. 1995) (citations omitted) (holding the fact that the defendant had two suppliers did not defeat the finding of a single conspiracy).

The present indictment alleges that the named defendants conspired with other unnamed persons to distribute cocaine and crack. The defendant interprets this language to mean that the named defendants are not alleged to have conspired with each other. Even taking this interpretation as true, this language does not preclude the named defendants' participation in a joint venture or a common goal. Accordingly, the indictment on its face does not reveal that Defendant Hunter is improperly joined. The government asserts that the defendant's strict reading of the indictment is overly "literal" and that the named defendants did, in fact, conspire with each other as well as other persons. Regardless, the Court finds that the indictment alleges an agreement on the part of all of the named defendants to distribute cocaine and crack. As such, all of the named defendants are participating in the same series of acts or transactions as required for joinder under Rule 8(b). Accordingly, the defendant's motion [**Doc. 48**] to be severed due to improper joinder is **DENIED**.

### III. DISCLOSURE OF STATEMENTS

Defendant Hunter asks [Doc. 44] the Court to order pursuant to Fed. R. Crim. P. 16(a)(1) the government to disclose all written, recorded, or oral statements, by anyone, which the government will seek to attribute to him. The government states [Doc. 55] that it intends to use in its case-in-chief the statements by the defendant that were intercepted pursuant to the wiretap. At the November 19 hearing, the government again stated that it would use those statements by the defendant captured on the wiretap on March 27 and 28, 2007. Defense counsel acknowledged that

11

this disclosure rendered his motion moot. Accordingly, the Court finds that Defendant Hunter's Motion for Disclosure and Specification of All Statements Which the Government Will Seek to Attribute to Defendant [Doc. 44] is **DENIED as moot**.

### IV. CONCLUSION

Accordingly, it is ordered:

>(1) Defendant Mims' Motion for a Bill of Particulars [**Doc. 29**] is **DENIED**;
>
>(2) Defendant Hunter's Motion for a Bill of Particulars [**Doc. 46**] is **DENIED in part** and **DENIED as moot in part** as set forth above;
>
>(3) Defendant Hunter's Motion to Sever Defendant [**Doc. 48**] is **DENIED**; and
>
>(4) Defendant Hunter's Motion for Disclosure and Specification of All Statements Which the Government Will Seek to Attribute to Defendant [**Doc. 44**] is **DENIED as moot**.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge